IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DUJUAN MELLS,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | HON. KATHARINE S. HAYDEN<br><br>Civil Action<br>No. 16-5557 (KSH)<br><br>**OPINION** |

**HAYDEN, United States District Judge:**

**I.      INTRODUCTION**

Presently before the Court is Petitioner Dujuan Mells's amended motion seeking, pursuant to 28 U.S.C. § 2255, to vacate and correct the 151-month sentence imposed on him on September 4, 2015 (the "§ 2255 Motion"). (DE 10.) For the reasons stated herein, Mells's § 2255 Motion is denied with prejudice and no certificate of appealability will issue.

**II.     BACKGROUND**

The facts of this matter are straightforward and undisputed. On April 20, 2015, Mells – then 28 years old – pled guilty in this Court to two separate Hobbs Act robbery charges, in violation of 18 U.S.C. § 1951(a). Mells committed the first robbery on September 12, 2013 and the second one four days later on September 16, 2013. (*See* Dec. 20, 2013 Crim. Compl., available in Mells's underlying criminal case, *United States v. Mells*, No. 15-cr-180 at DE 1; Sept. 2, 2015 Presentence Investigation Report ("PSR") at ¶¶ 6-14.)

At Mells's September 14, 2015 sentencing, the Court found that he qualified as a career offender under U.S.S.G. § 4B1.1(a). (*See* Sept. 14, 2015 Sentencing Hr'g Tr. 19, DE 10-2 (the Court finding that the "career offender tag . . . has to be imposed here" immediately before noting

that Mells's "criminal history is such that the most important feature of sentencing in this case is . . . incapacitation – protection of the public.").) Based on this career offender designation, Mells faced a Guidelines range of 151 to 188 months imprisonment (*see id.* at 4); without that designation, he would have faced a Guidelines range of between 84 to 105 months. (*See*, *e.g.*, *id.* at 9.) As noted, the Court ultimately sentenced Mells to 151 months imprisonment. (*See* DE 10-2 at 24.)

Several key considerations underlie both Mells's career offender designation and this Court's present habeas analysis. First, Mells's PSR demonstrated that he had an extensive criminal history beginning when he was just thirteen years old. (*See*, *generally*, PSR; *accord* DE 10-2 at 16 (the Court recognizing during sentencing that "Mr. Mells' long and painful involvement with the criminal justice system started so young").)

Second, notwithstanding that extensive criminal history, Mells's career offender designation pursuant to U.S.S.G. § 4B1.1(a) was based on two specific predicate offenses prosecuted in state court:[1] (1) a 2007 controlled substance conviction (*see* PSR at ¶ 59); and (2) a 2008 conviction for third-degree aggravated assault (*see id.* at ¶ 63), which is the focus of the present habeas action. The PSR indicates that Mells's 2008 assault conviction was the result of an October 10, 2007 incident in which he "remove[d] a black handgun from his front waistband with his right hand and point[ed] it at [an approaching East Orange] detective" who had clearly identified himself as such. (PSR at ¶ 63.) The statute Mills pled guilty to, N.J.S.A. § 2C:12-1b(9), states that "[a] person is guilty of aggravated assault if he . . . [k]nowingly, under circumstances

---

[1] At the time of Mells's sentencing, Guideline § 4B1.1(a) read, in pertinent part, that "[a] defendant is a career offender if . . . [he] has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a) (2014).

manifesting extreme indifference to the value of human life, points or displays a firearm . . . at or in the direction of a law enforcement officer."

Third, when Mells was sentenced, U.S.S.G. § 4B1.2(a) provided that an offense qualified as a career offender-predicate "crime of violence" if it was punishable by imprisonment for a term exceeding one year and it:

> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, [(the "Elements Clause")] or
>
> (2) is burglary of a dwelling, arson, or extortion, [or] involves use of explosive, [(the "Enumerated Offense Clause")] or otherwise involves conduct that presents a serious potential risk of physical injury to another [(the "Residual Clause")].

U.S.S.G. § 4B1.2(a) (2014).

Fourth, the transcript of the sentencing hearing establishes that Mells received excellent representation. The Court specifically noted defense counsel Laurie M. Fierro's sentencing memorandum was very good (*see* DE 10-2 at 3); she was also commended for her efforts to alleviate Mells's medical challenges. (*See id.* at 25 (the Court noting that "Ms. Fierro has worked tirelessly to try to get the follow-up operation [needed to have Mr. Mells's colostomy] bag . . . removed" immediately before directing Bureau of Prisons to submit a detailed plan which included the date on which that operation would be performed).)

Moreover, Ms. Fierro forcefully advocated against Mells being sentenced as a career offender. (*See id.* at 3-10; Fierro's Aug. 31, 2015 Sentencing Memo.) In that respect, she specifically argued that the June 26, 2015 decision in *Samuel Johnson v. United States*, 135 S. Ct. 2551 (2015) – issued just over a month before Fierro filed her sentencing memorandum – countenanced against utilizing Mells's 2008 aggravated assault conviction as a career offender predicate offense under U.S.S.G. § 4B1.2. (*See* Aug. 31, 2015 Sentencing Memo, 3-4.)

*Johnson* concerns the Armed Career Criminal Act ("ACCA"), which imposes an increased prison term upon a defendant with three prior "violent felony" convictions. *See* 18 U.S.C. § 924(e)(1). When *Johnson* was decided, a qualifying "violent felony" under ACCA's residual clause, like U.S.S.G § 4B1.2(a)(2)'s then identically-worded Residual Clause, included any felony that "involve[d] conduct that present[ed] a serious potential risk of physical injury to another." *Johnson* at 2555-56 (citing 18 U.S.C. § 924(e)(2)(B)). *Johnson* held that this language was unconstitutionally vague and, thus, that "[i]ncreasing a defendant's sentence under [that] clause denies due process of law." *Id.* at 2557. *Johnson*, in other words, held that the then-existing residual clause in ACCA's definition of "violent felony" was unconstitutionally vague, and therefore invalid.

During sentencing, Ms. Fierro presciently argued that in light of the ACCA-specific holding in *Johnson*, the then-identical language in U.S.S.G. § 4B1.2(a)(2)'s Residual Clause "pushe[d] the court in a direction [to] exercis[e] its discretion in not sentencing Mr. Mells as [a] career offender." (*See* DE 10-2 at 5.) The Court, however, was unpersuaded. (*See id.* at 24 ("I am denying [Ms. Fierro's] application [that the Court not impose the career offender sentencing enhancement] because of the criminal history and eligibility that Mr. Mells' past clearly demonstrates."). To be clear, the Court sentenced Mells as a career offender in spite of Ms. Fierro's excellent advocacy.

Mells never filed a direct appeal challenging any aspect of his conviction, career offender designation, or the 151-month sentence imposed by the Court.[2] Instead, on September 13, 2016,

---

[2] It is unclear why Mells chose not to file a direct appeal. What is clear is that Mells, by way of his § 2255 Motion, in no way avers that he directed Ms. Fierro to file a direct appeal on his behalf, nor does he claim that she disregarded that instruction. (*See*, *generally*, DE 10.) Had Mells raised that specific claim, an evidentiary hearing might be warranted. *See Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000) ("[A] lawyer who disregards specific instructions from the defendant to file

4

Mells, through different habeas counsel, initiated the present action via the filing of his original § 2255 motion. (*See* DE 1.) At the time of that filing, *Johnson*, which, again, declared ACCA's then-residual clause void for vagueness, appeared to provide at least arguable support for Mells's claim that his career offender designation under U.S.S.G. § 4B1.2(a)(2)'s then-identically-worded Residual Clause was subject to a similar constitutional attack. (DE 1.) Mells's original § 2255 motion accordingly argued that because *Johnson* also invalidated the like-worded Residual Clause in the Guidelines in effect at the time of Mells's sentencing, and because this Court, during sentencing, "implicitly reject[ed Ms. Fierro's] argument" that *Johnson's* ACCA-specific holding precluded the Court from utilizing Mells's 2008 third-degree aggravated assault conviction as a career offender-qualifying "crime of violence" under § U.S.S.G. § 4B1.2(a)(2)'s then-Residual

---

a notice of appeal acts in a manner that is professionally unreasonable."). This particular issue, however, is not one which the Court is confronted with. Mells instead, without further explanation, avers only that Ms. Fierro should have better challenged his career offender designation, including on appeal. (*See* DE 10 at 2 (Mells claiming that "[Ms. Fierro] was ineffective in failing to raise the appropriate challenge to his career offender designation at sentencing and on appeal under *Descamps v. United States*, [570 U.S. 254] (2013).")). No evidentiary hearing is necessary for the Court to conclude that this particular claim fails to entitle Mells to habeas relief. First, the Court is unable to see how the holding of *Descamps*, an ACCA case in which the Supreme Court held that the petitioner's prior state burglary conviction under California Penal Code Ann. § 459 was not a qualifying predicate offense for purposes of imposing ACCA's career offender sentencing enhancement (*see id.* at 277), is even applicable to Mells's § 2255 case. *Descamps*, in other words, fails to provide any reason for the Court to conclude that Fierro's alleged failure to properly challenge Mells's career offender designation via direct appeal entitles Mells to habeas relief. (DE 10 at 2.) Second, the record is clear: (1) that the Court, at the conclusion of the September 14, 2015 sentencing hearing, ensured that Mells understood he had the right to challenge the Court's sentence via direct appeal (*see* DE 10-2 at 29-30 ("Mr. Mells, you have the right to appeal this sentence . . . . If you are not able to pay you may request the Clerk of the Court to file a Notice of Appeal on your behalf."); and (2) that Mells did not, in response to the Court's invitation, ever indicate that he wished to file a direct appeal. (*See id.*) Third, it would appear, for the reasons discussed *infra*, that pursuant to *Beckles v. United States*, 137 S. Ct. 886 (2017), any attempt by Mells to challenge his career offender designation on direct appeal would have been futile, *i.e.*, Mells was not prejudiced by Fierro's failure to file a direct appeal on his behalf. *But see Velazquez v. Grace*, 277 F. App'x 258, 260 (3d Cir. 2008) (noting that "the asked-for addition of the requirement that the appeal not taken have merit contradicts *Rodriquez v. United States*, [395 U.S. 327] (1969), which the Supreme Court cited approvingly in *Flores-Ortega*.").

Clause, Ms. Fierro's "failure to pursue [this] *Johnson* argument further on appeal constituted ineffective assistance of counsel." (DE 1 at 2.)

On March 6, 2017, *Beckles v. United States*, 137 S. Ct. 886 (2017), held that the advisory Guidelines under which Mells was sentenced – including U.S.S.G. § 4B1.2's Residual Clause – were "not amenable to a vagueness challenge." *Beckles*, 137 S. Ct. at 894. Importantly, "there can be no Sixth Amendment deprivation of effective counsel based on an attorney's failure to raise a meritless argument." *United States v. Dung Bui*, 795 F.3d 363, 366-67 (3d Cir. 2015). Thus, pursuant to *Beckles*, Ms. Fierro could not – and did not – render ineffective assistance based solely on the fact that she did not file an appeal claiming that Mells was, pursuant to *Johnson*, improperly sentenced as a career offender. Indeed, Mells himself concedes in the amended § 2255 Motion he filed on October 5, 2018, *i.e.*, post-*Beckles*, that "[b]ecause [he] was sentenced under the advisory Guidelines, his vagueness challenges to the career offender guideline must fail." (DE 10 at 2.) *Accord Keenan Johnson v. United States*, No. 16-416, 2019 WL 2429947, at * (D.N.J. June 11, 2019) (court agreeing with a similarly situated § 2255 petitioner that *Beckles* rendered his earlier-asserted vagueness challenge to his discretionary Guidelines sentence "without merit.").

Mells nonetheless contends that he remains "entitled to relief under § 2255 because [Ms. Fierro] was ineffective in failing to raise the appropriate challenge to his career offender designation at sentencing and on appeal . . . ." (DE 10 at 2.) In that respect, his § 2255 Motion specifically avers "that his [2008] third-degree aggravated assault [conviction] did not constitute a "crime of violence" because it does not satisfy any provision of [U.S.S.G. § 4B1.2(a).]" (DE 10 at 3.) Ultimately then, Mells's lone remaining habeas claim is that Ms. Fierro rendered constitutionally deficient assistance of counsel, and that but for her purportedly ineffective

representation, the Court would not have sentenced Mells as a career offender. For the reasons discussed below, the Court cannot agree. It will therefore deny habeas relief for this claim.

## III. LEGAL STANDARD AND ANALYSIS

Section 2255 provides that a prisoner in federal custody under sentence of a federal court "may move the court which imposed the sentence to vacate, set aside or correct the sentence" upon three grounds: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States"; (2) "that the court was without jurisdiction to impose such sentence"; or (3) "that the sentence was in excess of the maximum authorized by law." 28 U.S.C. § 2255(a). Mells, as the habeas petitioner, bears the burden of establishing entitlement to § 2255 relief. *See United States v. Davies*, 394 F.3d 182, 189 (3d Cir. 2005). Where the record, as supplemented by the trial judge's personal knowledge, conclusively negates the factual predicates asserted by a petitioner or indicates that he is not entitled to relief as a matter of law, no evidentiary hearing is required. *Government of Virgin Islands v. Nicholas*, 759 F.2d 1073, 1075 (3d Cir. 1985); *see also United States v. Tuyen Quang Pham*, 587 F. App'x 6, 8 (3d Cir. 2014); *United States v. Booth*, 432 F.3d 542, 546 (3d Cir. 2005).

Here, Mells's lone remaining § 2255 claim is that he received constitutionally deficient representation from Ms. Fierro – in violation of his Sixth Amendment right to counsel – because she failed to "raise the appropriate challenge to [Mells's] career offender designation at sentencing and on appeal . . . ." (DE 10 at 2.) Mells's ineffective assistance of counsel ("IAC") claim is governed by the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). To prevail under *Strickland*, Mells first "must show that counsel's performance was deficient[, *i.e.*,] that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." *Id.* at 687; *see also United States v. Shedrick*, 493 F.3d 292, 299 (3d

Cir. 2007). This requires Mells to show that Ms. Fierro's representation "fell below an objective standard of reasonableness" based on the particular facts of his case, viewed as of the time of the challenged conduct of counsel. *Jacobs v. Horn*, 395 F.3d 92, 102 (3d Cir. 2005). For the reasons detailed above, it is clear that Ms. Fierro's representation of Mells in this matter – which specifically included her compelling, albeit ultimately unsuccessful, arguments against Mells being sentenced as a career offender in light of *Johnson* – in no way fell below the objective standard of reasonableness needed for Mells to satisfy *Stickland's* first prong. Mells's IAC claim therefore fails on this basis alone.

Under *Strickland*, Mells must additionally demonstrate prejudice, *i.e.*, that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. [In that respect, the term] reasonable probability [means] a probability sufficient to undermine confidence in the outcome." *Id.* at 694; *see also Shedrick*, 493 F.3d at 299. Mells's IAC claim also fails under this prong. As noted, the record conclusively shows that Fierro, when confronted with a PSR recommending that Mells be sentenced as a career offender in light of two Guidelines-qualifying predicate offenses, advanced strong, cogent arguments against the Court applying that designation. She expressly argued that the brand new ACCA-residual-clause-specific holding of *Johnson* countenanced against utilizing Mells's 2008 aggravated assault conviction as a predicate offense under the Guidelines' then-identically worded Residual Clause. The Court, in rejecting this specific argument and sentencing Mells as a career offender, implicitly concluded that his prior assault conviction was a Residual Clause-qualifying "crime of violence," *i.e.*, an offense that "otherwise involves conduct that presents a serious risk of physical injury to another." U.S.S.G. § 4B1.2(a)(2) (2014). It is therefore of no bearing that Ms. Fierro did not additionally argue, as Mells now claims she should have, that his 2008 conviction was also not a

8

qualifying offense under § 4B1.2(a)'s additional Elements and Enumerated Offense Clauses. *See Nelson v. United States*, No. 16-3409, 2017 WL 150242, at *2 (D.N.J. Jan. 12, 2017) ("even if Petitioner could have previously claimed that his crimes did not meet the elements clause of [ACCA], it would have served no purpose as his challenge would still have failed because both his robbery and aggravated assault convictions could have qualified as violent felonies under the residual clause, and any such attempt to challenge his sentence would have been fruitless as a result.").

Moreover, and although not an issue that is squarely before the Court, it would appear that it was entirely correct for this Court to utilize Mells' 2008 aggravated assault conviction for purposes of designating him as a career offender under U.S.S.G. § 4B1.1. Indeed, while there does not appear to be any decision from the Third Circuit or the District of New Jersey that has considered whether the specific aggravated assault statutory provision which Mells was convicted for, N.J.S.A. § 2C:12-1b(9), qualifies as a "crime of violence" under the relevant Guidelines language, numerous other courts have found that other aggravated assault convictions under different provisions within § 2C:12-1b qualify for purposes of sentencing. *See United States v. Abdullah*, 905 F.3d 739, 746-47 (3d Cir. 2018) (third-degree aggravated assault under § 2C:12-1b(2) qualified as a crime of violence under U.S.S.G. § 4B1.2(a)(1)'s Elements Clause); *Baptiste v. Att'y Gen.*, 841 F.3d 601, 606-15 (3d Cir. 2016) (recklessness-based aggravated assault under § 2C:12-1b(1) is a crime of violence under residual clause used in 18 U.S.C. § 16(b), which is in all relevant respects identical to that used in the 2014 version of U.S.S.G. § 4B1.2(a)(2)); *Wilson v. United States*, No. 13-CR-777-03 (AJN), 2019 WL 3752476, at *5 (S.D.N.Y. Aug. 8, 2019) (aggravated assault under § 2C:12-1b(5)(a) qualifies as a crime of violence under U.S.S.G. §

9

4B1.2(a)'s Residual Clause); *Nelson*, 2017 WL 150242, at *1-2 (aggravated assault conviction under §§ 2C:12-b(5) and a(1) qualified under ACCA's identically-worded residual clause).

In light of the foregoing, the Court will deny Mells habeas relief on the lone remaining claim advanced in his § 2255 Motion, *i.e.*, that his attorney, Laurie M. Fierro, rendered ineffective assistance because she failed to properly challenge his designation as a career offender under the 2014 Guidelines. The Court will also deny Mells a certificate of appealability. *See* 28 U.S.C. § 2253(c); *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

### IV. CONCLUSION

For the reasons set forth above, Mells's § 2255 Motion is denied and no certificate of appealability will be issued. An appropriate Order follows.

September 17, 2019  s/Katharine S. Hayden
Date                KATHARINE S. HAYDEN
                    United States District Judge